# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1422V
UNPUBLISHED

| | |
|---|---|
| DARLA JOHNSON,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 9, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for petitioner.

*Ida Nassar*, U.S. Department of Justice, Washington, DC, for respondent.

## **DECISION AWARDING DAMAGES**[1]

On September 17, 2019, Darla Johnson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barre Syndrome ("GBS") caused by an influenza vaccine administered on September 23, 2016. Petition at 1. Petitioner further alleges that the vaccine was administered within the United States, that no party has ever filed a civil action or received compensation for Petitioner's injury, and that her condition has persisted for more than six months. Petition at 1, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 12, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On June 8, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $103,604.17

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

comprised of $101,000.00 for pain and suffering, and $2,604.17 for out-of-pocket medical and related expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $103,604.17 comprised of $101,000.00 for pain and suffering, and $2,604.17 for out-of-pocket medical and related expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| DARLA JOHNSON, | ) |
| Petitioner, | ) No. 19-1422V    ECF |
| v. | ) Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) |
| Respondent. | ) |

## PROFFER ON AWARD OF COMPENSATION[1]

### I. Procedural History

On September 17, 2019, Darla Johnson ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. She alleges that, as a result of receiving the influenza vaccine on September 23, 2016, she suffered from Guillain-Barre Syndrome (GBS). *See* Petition. On November 6, 2020, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe. ECF No. 32. On November 12, 2020, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury. ECF No. 33.

### II. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$103,604.17,** for all damages, including $101,000.00 representative of pain and

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

suffering, and $2,604.17 representative of out-of-pocket medical and related expenses. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

III. **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$103,604.17** in the form of a check payable to petitioner.[2] Petitioner agrees.

                                            Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Acting Assistant Attorney General

                                            C. SALVATORE D'ALESSIO
                                            Acting Director
                                            Torts Branch, Civil Division

                                            HEATHER L. PEARLMAN
                                            Acting Deputy Director
                                            Torts Branch, Civil Division

                                            DARRYL R. WISHARD
                                            Assistant Director
                                            Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

s/ Ida Nassar
                                          IDA NASSAR
                                          Trial Attorney
                                          Torts Branch, Civil Division
                                          U.S. Department of Justice
                                          P.O. Box 146
                                          Benjamin Franklin Station
                                          Washington, D.C. 20044-0146
                                          Tel: (202) 616-4186
                                          E-mail: Ida.Nassar@usdoj.gov

Dated: June 8, 2021